```
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT BILLINGER,<br><br>    Plaintiff,<br><br>  v.<br><br>YATES,<br><br>    Defendant. | Case No.: 1:14-cv-02031-BAM (PC)<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 24)<br><br>FORTY-FIVE-DAY DEADLINE |

**I.     Screening Requirement and Standard**

Plaintiff Albert Billinger ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 19, 2015, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. Plaintiff's first amended complaint, filed on April 6, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1     A complaint must contain "a short and plain statement of the claim showing that the pleader is
2 entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
3 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4 do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell
5 Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's
6 allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.
7 Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
8 omitted).

9     To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient
10 factual detail to allow the Court to reasonably infer that each named defendant is liable for the
11 misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v.
12 United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant
13 acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the
14 plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572
15 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Health Care Facility in Stockton, California. Plaintiff has named Warden Yates, Chief Medical Officer at Pleasant Valley State Prison, Dr. Deap, Dr. Duenas, PA Fortune, and Dr. Sing as defendants.

As Plaintiff's allegations are scattered throughout the form pleading and attachments, the Court summarizes Plaintiff's claims.  Plaintiff is confined to a wheelchair because of gun shots wounds. Prior to his transfer to Pleasant Valley State Prison, he was in good health.  Plaintiff alleges that Defendants Warden Yates and the Chief Medical Officer knew of the existence of Valley Fever at Pleasant Valley State Prison prior to Plaintiff's transfer and they delayed in reacting to his serious medical need and failed to protect him from harm.  Plaintiff alleges that Defendants Duenas, Deap, Sing and Fortune denied him adequate medical care for a serious medical need by leaving Plaintiff in pain for weeks and months at time.  Plaintiff complains that he was denied pain medication for up to two weeks at time.

Plaintiff alleges that after he was sick for two or three months, Defendant finally gave him a blood test. Plaintiff asserts that he was so sick he had to be hospitalized for two years and given antibiotics. Plaintiff further alleges that he had bad bed sores, which required over 16 surgeries to close. Plaintiff also alleges that when it was determined that he had Valley Fever he had lost a lot of blood from sores and was in a lot of pain. It took Defendants a month to get him to an outside hospital where he was treated with an antibiotic for at least a year. Plaintiff lost 108 pounds and had over 20 to 25 surgeries. Plaintiff asserts that he is still on pain medication (morphine) and will be on medications for the rest of his life.

Plaintiff seeks compensatory and punitive damages

### III.    Discussion

#### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is disjointed and it is difficult to understand. As before Plaintiff's complaint lacks basic facts, including what happened, when it happened and who was involved in his placement, treatment and medical care at Pleasant Valley State Prison. If Plaintiff elects to amend his complaint, he should clearly and concisely identify the facts and the chronological order in which they occurred.

#### B.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the

>Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link any individual defendant to a constitutional violation.   Instead, Plaintiff appears to lump all defendants together in his allegations by referring to defendants as "they." If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his rights.

### C.  Eleventh Amendment

To the extent Plaintiff seeks to bring claims against Defendants Yates and the Chief Medical Officer in their official capacities for monetary damages, he may not do so.  The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

### D.  Deliberate Indifference/Cruel and Unusual Punishment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the "minimal civilized measure of life's necessities," and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face

4

1  a substantial risk of serious harm and disregard [ ] that risk by failing to take reasonable measures to
2  abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

3      Here, Plaintiff has not set forth sufficient factual allegations to state a claim for deliberate
4  indifference.  Plaintiff's complaint is filled with conclusory statements and does not demonstrate that
5  any individual defendant knew of a substantial risk of serious harm to Plaintiff by his placement at
6  Pleasant Valley State Prison and failed to take reasonable measures to abate it.  Plaintiff will be given
7  leave to cure these deficiencies.

8      **E.  Deliberate Indifference to Serious Medical Needs**

9      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
10 must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096
11 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251
12 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious
13 medical need' by demonstrating that failure to treat a prisoner's condition could result in further
14 significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's
15 response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

16     Deliberate indifference is shown where the official is aware of a serious medical need and fails
17 to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010).
18 Deliberate indifference is a high legal standard.  Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391
19 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make
20 an inference that "a substantial risk of serious harm exists" and he must make the inference.  Farmer v.
21 Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811(1994).

22     "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of
23 action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980), citing Estelle, 429 U.S.
24 at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical
25 condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical
26 malpractice does not become a constitutional violation merely because the victim is a prisoner."
27 Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995).
28

1  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See
2  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).
3      Here, Plaintiff has failed to set forth sufficient factual allegations to support a claim for
4  deliberate indifference to serious medical needs against any individual defendant.  As noted above,
5  Plaintiff merely lumped all defendants together and provided conclusory statements regarding the
6  alleged constitutional violations.  If Plaintiff elects to amend his complaint, he should specify what
7  each individual did or failed to do that resulted in a violation of his Eighth Amendment rights.

### F.  Fourteenth Amendment

9      Plaintiff alleges that Defendants violated his Fourteenth Amendment rights.  However, the
10 nature of this claim is unclear.  If Plaintiff elects to amend his complaint, he should specify the nature
11 of his Fourteenth Amendment claim.

### IV.  Conclusion and Order

13     Plaintiff has failed to state a cognizable claim against any individual defendant.  The Court will
14 grant Plaintiff an opportunity to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130
15 (9th Cir. 2000).
16     Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each
17 named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at
18 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be
19 [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555
20 (citations omitted).
21     Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims
22 in his first amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
23 complaints).
24     Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.
25 Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended
26 complaint must be "complete in itself without reference to the prior or superseded pleading."  Local
27 Rule 220.
28 ///

6

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's first amended complaint is dismissed with leave to amend;

3. Within forty-five (45) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

Dated: **April 9, 2015**         /s/ *Barbara A. McAuliffe*
                    UNITED STATES MAGISTRATE JUDGE