UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT BILLINGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YATES,<br><br>　　　　　Defendant. | 1:14-cv-02031-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 31) |

Plaintiff Albert Billinger ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil action pursuant to 42 U.S.C § 1983. On April 9, 2015, the Court dismissed Plaintiff's first amended complaint with leave to amend. (ECF No. 25.) Thereafter, on April 20, 2015, the Court appointed counsel Rebecca A. Weinstein-Hamilton for the limited purpose of investigating the claim, then drafting and filing an amended complaint within 90 days. The Court's order provided that counsel's limited appointment would terminate when Plaintiff's amended complaint was filed or when counsel filed a notice that an amended complaint would not be appropriate. (ECF No. 28.)  On June 23, 2015, counsel filed a notice that an amended complaint would not appropriate. (ECF No. 29.)

On June 25, 2015, the Court terminated the appointment of limited-purpose counsel and directed Plaintiff to file an amended complaint within thirty days.  (ECF No. 30.)  On the same date, Plaintiff filed a motion for the appointment of counsel.  Plaintiff requests a new attorney to

1

amend his case.  Plaintiff also reportedly believes that former counsel will continue to get paid while Plaintiff remains in prison.  (ECF No. 31.)

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

Here, Plaintiff's motion does not provide any basis warranting the appointment of counsel or demonstrating the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  Critically, at this stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

Insofar as Plaintiff believes that his former counsel was receiving payment for her services, he is mistaken.  Plaintiff's counsel was selected from the Court's *pro bono* attorney panel and she voluntarily agreed to the appointment.  In other words, counsel was not paid for pro bono services.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.
IT IS SO ORDERED.

Dated:   **July 13, 2015**               /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE