UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT BILLINGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YATES,<br><br>　　　　　Defendant. | Case No.: 1:14-cv-02031-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER, FAILURE TO STATE A CLAIM, AND FAILURE TO PROSECUTE<br><br>(ECF No. 30) |

　　　　Plaintiff Albert Billinger ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C § 1983, initiated this action on October 22, 2014. (ECF No.1.) On December 31, 2014, Plaintiff consented to the jurisdiction of a Magistrate Judge. (ECF No. 16.)

　　　　On June 25, 2015, the Court directed Plaintiff to file an amended complaint within thirty days. (ECF No. 30.) Plaintiff was also granted several extensions of time to amend his complaint. (ECF Nos. 34, 36.) The deadline for Plaintiff to file his amended complaint has passed, and he has not complied with the Court's order.

　　　　Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where

1

appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This action has been pending since October 2014. Plaintiff has made no attempt to contact the Court or otherwise comply with the Court's June 25, 2015 order. The Court cannot hold this case in abeyance awaiting such compliance by Plaintiff. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's June 25, 2015 order granting Plaintiff leave to amend his complaint expressly stated, "Plaintiff is notified that his failure to comply with this order will result in dismissal of this action." (ECF No. 30, p. 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order.

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii), this action is HEREBY DISMISSED based on Plaintiff's failure to state any claims upon which relief may be granted, failure to obey a court order, and failure to prosecute. All pending motions, if any, are terminated.

IT IS SO ORDERED.

Dated:   **September 17, 2015**                    /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE

3